IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARCOS ORTIZ #1049113 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv380 |
| D. BLEVINS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Marcos Ortiz, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ortiz complains of incidents occurring between May of 2006 and April of 2007, in which he was allegedly assigned to work despite being physically unable to do so; that he was not allowed to attend religious services although non-Hispanic inmates were; that he was ordered out of a restroom and given a disciplinary case for being out of place while non-Hispanic inmates were not; that he was ordered to stay in his living quarters while non-Hispanic inmates were allowed to watch TV; and that he received several other disciplinary cases.

On August 23, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge noted that Ortiz has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See Ortiz v. Brown, et al., slip op. no. 04-40456 (5th Cir., August 18, 2004) (unpublished) (finding that Ortiz has three strikes).  Consequently, Ortiz is barred by 28 U.S.C.

§1915(g) from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is in imminent danger of serious physical injury.

In this regard, the Magistrate Judge said, courts have held that in order to meet the imminent danger requirement, the threat must be "real and proximate." Allegations of past harm do not suffice; rather, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed. *See* <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 300 (7th Cir. 2003); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 315 (3rd Cir. 2001). The Fifth Circuit has explained that a prisoner who has accumulated three strikes is entitled to proceed *in forma pauperis* only if he is in imminent danger at the time that he seeks to file the lawsuit. <u>Baños v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998). In the present case, the Magistrate Judge said, Ortiz did not show that a threat was imminent or occurring at the time that the complaint was filed; rather, Ortiz was complaining about past harm, which is outside of the scope of the statute. As a result, the Magistrate Judge recommended that the lawsuit be dismissed.

Ortiz filed objections to the Magistrate Judge's Report on September 5, 2007. In his objections, Ortiz says that the Prisoner Litigation Index is "fraudulent" in showing that he has filed "over a dozen" lawsuits. He goes on to say that the Magistrate Judge erred in saying that his prior lawsuits were frivolous, because he has been assaulted by gang members on at least four previous occasions, which assaults could have been prevented by prison officials. Ortiz concedes that he has filed six prior lawsuits and that these have all been found to be frivolous, but says that he provided documentary evidence of his claims and that the courts "have not stated why Plaintiff's lawsuits are frivolous nor have they cited any authorities to support findings of frivolousness." In arguing that his prior lawsuits were not frivolous, Ortiz fails to mention the fact that the Fifth Circuit has specifically found that he has three strikes within the meaning of the statute. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 30 days after the date of entry of final judgment in this case, he shall be allowed to proceed as though the full fee had been paid from the outset. Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of September, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**